PER CURIAM.
This is an appeal from a final decree in foreclosure of a real property mortgage given to secure payment of the principal sum of $21,300 and interest on unpaid balances thereof from October 22, 1958, at the rate of five per cent per annum, according to an instrument in writing described in the mortgage as a promissory note, ’ whereby said principal and interest is made payable as follows:
“(a) The first interest payment shall be due and payable on February 16, 1960 and thereafter the interest shall be due and payable on each February 15th until this entire indebtedness with interest thereon has been paid in full; * * *
“(b) The maker shall pay annually to the payees in reduction of principal and interest one-half of the net proceeds derived from the crops grown subsequent to the year 1958 on the tung groves [the mortgaged premises] * * *; in determining the said net proceeds there shall be deducted from the gross proceeds the costs of grove maintenance including discing twice during each crop year, fertilizing and spreading tung meal or hulls, planting of nursery stock, payment of real estate taxes on groves, harvesting and milling but not including administrative or travel expenses.
“(c) Should there be no net proceeds in any year or years for application in reduction of principal as herein provided for this shall in no wise relieve the maker from payment of interest as hereinabove provided.”
The mortgage contains an acceleration clause rendering the entire balance payable in the event of default in payment of any installment of principal or interest.
After entry in due course of a decree pro confesso against the defendant mortgagors, the cause proceeded ex parte to entry of a final decree of foreclosure for the entire amount of the mortgage debt, including court costs and a fee of $2,100 for the services of mortgagees’ attorney. Prior to sale in foreclosure the mortgagors moved to vacate the decree pro confesso and final decree, tendering therewith an answer, defenses and counterclaim to the foreclosure proceeding, which motion was denied. The trial court, however, of its own motion, proceeded to vacate the decree pro confesso and final decree because it was determined “from a closer scrutiny of the primary obligation of the defendants *914 that no part of the principal thereof should become due and payable unless and until a net profit should be realized from the crops grown (on the mortgaged property) subsequent to the year 1958,” and the failure of mortgagees’ proofs to establish the facts. The order recites, inter alia:
“While the plaintiff alleges default in payment of both principal and interest ‘especially * * * in payment of the interest’ and the amount of the interest is definitely alleged and readily ascertainable, there is no statement of the principal sum claimed nor is there a statement of facts from which such amount may be determined.
“So that while * * * the excuses relied upon for failure to file a defense are not valid in themselves, the Court is of the opinion that the defendant mortgagor is entitled to be heard upon the question as to whether or not any part of the principal sum of the debt was past due and payable at the time of the filing of the complaint and, if so, in what amount, the plain import of the arrangement between the parties being that the obligation to pay any part of the principal was contingent upon conditions and circumstances not shown to exist, that element of the undertaking having been overlooked by the Court upon the original ex parte hearing.”
Consequent upon an opportunity afforded for the development of further proofs a final decree was entered, in which the court found that no testimony was' offered establishing that any part of the principal payments was due, but that the installment of interest falling due on February 16, 1960, had not been paid, thus entitling the mortgagees to invoke the acceleration clause of the mortgage as to the whole indebtedness. The learned chancellor, however, in the exercise of equity discretion, held that “the anomalous character of the contract” warranted a decree of like character, and thereupon ordered the maker of the inst/ument secured by the mortgage to pay to mortgagees, within a stated period, the sum of $1,065 covering interest “past due since February 16, 1960”, together with interest thereon from February 16, 1960, at the rate of 5% per annum, costs of court, and a fee of $175 for the services of mortgagees’ attorney, in default of which the entire mortgage indebtedness should become due and payable, the mortgaged premises be sold at public outcry according to law, and the proceeds applied on account of the mortgage debt. The decree also provided that in the latter event the sum of $2,100 should be paid for the services of the plaintiffs’ attorney. Plaintiffs have appealed from that order and the defendant mortgagors have filed cross-assignments of error.
We have carefully reviewed the record on appeal and all assignments of error. Except as hereinafter stated, we find them to be without merit.
The appellant mortgagees insist, and we think correctly, that the chancellor erred — probably by inadvertance — in limiting the amount of interest due and payable to the period of one year prior to February 16, 1960, as is evident by the amount fixed by the final decree, rather than for the entire period from October 22, 1958, the date of the promise to pay, to February 16, 1960, the first interest due date. Our calculation indicates that the first installment of interest payable was $1,405.20. The final decree should be modified accordingly and it is so ordered.
Reversed in part, affirmed in part.
WIGGINTON, Chief Judge, and STUR-GIS and CARROLL, DONALD, JJ., concur.