STURGIS, Judge
(concurring specially).
Being of the view that on the remand plaintiff may obtain leave to file such affirmative defenses to the counterclaim as she may be advised, I concur in the result.
It is noted that the transactions relating to the purchase of the mortgaged property and the giving of the purchase money mortgage and note in suit took place exclusively between defendant Maurice B. Gladstone, an attorney at law, and plaintiff’s husband, Leroy A. Kling, since deceased, who acted for their wives in the premises. I am therefore led to suspect that the defendants were as well aware of the legal consequences of their acts in executing and delivering the subject mortgage and note as were the lay mortgagees of their legal rights as holders thereof.
I also suggest that the issues on this appeal do not present any question as to the sufficiency of such evidence as may hereafter be produced before the lower court on the issues heretofore or hereafter developed by the counterclaim and defenses thereto; that it is extra-judicial for this court at this stage to express a view as to how the issues of law and fact ultimately developed by the pleadings and proofs in the lower court should be determined by the chancellor, even if we might assume, per argumenti, that the written exhibits attached to the present counterclaim are established to be genuine, and that the chancellor should construe the representations contained therein to be legally sufficient to support the relief sought by the counterclaim. Until and unless the exhibits are so established and construed, in the light of the entire competent evidence, they constitute nothing more than part of the pleadings in the cause. The legal effect, if any, of said exhibits upon the obligations expressed by the mortgage and note in suit remains to be weighed and determined by the chancellor in accordance with applicable principles of law, factually measured in the light of all the evidence adduced before him on the remand.
The mortgage and note in suit were litigated in the same forum and before the same chancellor in a prior foreclosure (Chancery No. 7560 of the serial numbers of the circuit court) resulting in a decree of foreclosure for delinquent interest only. That decree was appealed and affirmed by this court. Kling v. Gladstone, 125 So.2d 912 (Fla.App.1961). The unchallenged answer of the defendant-appellants to the complaint in the instant suit alleges, inter alia:
“3. The facts alleged in the Complaint herein were reviewed by this Court and by the District Court of Appeal, First District, January Term 1961, case No. C-203 and in an opinion filed January 10, 1961 the same is made part of these pleadings as though specifically set forth herein. Likewise a similar suit was filed in this Court under Chancery No. 7560 and the said decision and opinion of the Hon. D. Stuart Gillis, Judge, is made part hereof as though specifically set forth herein.”
Said references are to the previous decree of foreclosure and affirmance thereof. Thus the defendants put before the trial court the fact and the result of the previous suit in which the validity of the mortgage obligation was sustained. The intriguing question occurs as to whether or not the above-quoted portion of the answer in the instant suit operates to render it unnecessary for plaintiff to affirmatively plead res judicata or estoppel by judgment in order to have the advantage thereof in defense to the counterclaim. That question is not posed as an issue on this appeal and I do not attempt to express a conclusion thereon. I wish it to be understood, however, that my concurrence in the result on this appeal is not to be construed as having any bearing on that question should it arise on a subsequent appeal.